UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CHAPMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>    Defendants. | No. 2:18-cv-02662-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the Complaint**

Plaintiff is a California state prisoner who seeks DNA testing in order to establish his innocence on multiple felony counts stemming from a 2005 encounter with a woman who

2

plaintiff asserts consensually engaged in sexual activity with him.  He is raising procedural due process challenges to California's post-conviction DNA statute (California Penal Code § 1405) as construed by the California state courts.  ECF No. 1 at 3-5.  Plaintiff asserts that he filed at least six motions for post-conviction DNA testing prior to January 1, 2015 and then another motion after California Penal Code § 1405 was amended by S.B. 980 (effective Jan. 1, 2015).  All of these motions for post-conviction DNA testing were denied by the state courts although plaintiff is not challenging these denials.  ECF No. 5 at 14.

Plaintiff names the Sacramento District Attorney, Ann Marie Schubert, as the defendant in this action because she refused him access to the biological evidence in his case in order to submit it for further DNA testing.  By way of relief, plaintiff seeks injunctive relief requiring the defendant to produce the biological evidence in his case so that it can be submitted for new DNA testing.  See ECF No. 1 at 6; ECF No. 5 (motion for injunctive relief).

**III.     Analysis**

In his complaint, plaintiff relies on Skinner v. Switzer, 562 U.S. 521 (2011), for the proposition that a prisoner may file a federal civil rights lawsuit challenging a state post-conviction DNA statute on procedural due process grounds.  ECF No. 1 at 3.  While the U.S. Supreme Court has allowed a Section 1983 action raising the type of claims presented in plaintiff's complaint, the Ninth Circuit has subsequently rejected the particular challenges that plaintiff raises to California Penal Code § 1405.  See Morrison v. Peterson, 809 F.3d 1059 (9th Cir. 2015) (affirming the dismissal of § 1983 complaint for failing to state a claim and the denial of plaintiff's motion for summary judgment).  In Morrison, the Ninth Circuit explained that the narrowed liberty interest protected by the federal due process clause does not "'dictate the exact form' of post-conviction assistance a State must provide." 809 F.3d at 1065 (citations omitted).  Only those procedures that "are fundamentally inadequate to vindicate the substantive rights provided" are subject to reversal by a federal court.  Id.  With this legal backdrop in mind, the Court reviewed the California statute's standard for demonstrating when DNA testing would have resulted in a more favorable verdict or sentence.  See Cal. Penal Code § 1405(f)(5) (2005).  The Ninth Circuit concluded that "it does not violate due process for a court to evaluate what potential

3

impact a negative DNA test could have." Morrison, 809 F.3d at 1068. Just like Morrison, plaintiff argues that the state statute violates due process because of the additional quantum of evidence that was presented at his trial other than the biological evidence subject to DNA evidence. However, this argument fails to state a valid due process claim.

Plaintiff's second claim is a facial challenge to the chain of custody requirement that there be a sufficient demonstration that the evidence has not been tampered with or altered before a DNA motion is granted. ECF No. 1 at 4.[1] This challenge was also rejected by the Ninth Circuit Court of Appeal in Morrison.[2] Id. at 1068-69. Since there was not a single case where the state court had denied a motion for DNA on the basis of the chain of custody requirement, the Ninth Circuit concluded that this portion of California Penal Code § 1405 did not "'transgress any recognized principle of fundamental fairness in operation.'" Morrison, 809 F.3d at 1069 (citation omitted). Accordingly, plaintiff fails to state a claim for relief based on the chain of custody provision of California Penal Code § 1405. See 28 U.S.C. § 1915A(b)(1).

Plaintiff's last claim for relief appears to be a facial challenge to California Penal Code § 1405(c)(3) which requires the custodian of records to submit a report to the prosecutor or convicted individual concerning any lost or destroyed evidence. ECF No. 1 at 5. According to plaintiff, this statute "as authoritatively construed by California courts, denied plaintiff his 14th Amendment right to procedural due process." Id. Even liberally construing the complaint and plaintiff's motion for injunctive relief together, the court is unable to discern plaintiff's argument with respect to this claim. It is entirely conclusory and therefore fails to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

---

[1] Plaintiff cites to the pre-2015 version of California Penal Code § 1405(f)(2) which only allowed the trial court to grant the motion for DNA testing if, inter alia, "[t]he evidence to be tested has been subject to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced or altered in any material aspect."

[2] This provision of the California Penal Code was subsequently renumbered and is now codified at § 1405(g)(2).

4

litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

In determining whether leave to amend should be granted, the court takes judicial notice of the fact that plaintiff previously filed a civil rights action challenging the same California statute in Chapman v. Schubert, 2:17-cv-01488-CKD (E.D. Cal.). In that case, plaintiff's complaint was dismissed with leave to amend. However, plaintiff moved to voluntarily dismiss his case on September 7, 2017 in lieu of filing an amended complaint. Based on this procedural history and the facts alleged in the instant case, the court has concluded that the defects in plaintiff's complaint are not curable by further amendment.[3] As a result, the undersigned recommends dismissing plaintiff's complaint without leave to amend.

**IV.   Plain Language Summary for Pro Se Party**

It is being recommended that your complaint be dismissed for failing to state a claim. Based on the court's review of your complaint, it does not look like the problems with your complaint are fixable, so it is being recommended that you not be given the opportunity to file an amended complaint. If you disagree with this recommendation, you may file "Objections to Magistrate Judge's Findings and Recommendations" within 14 days from the date of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 4) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the

---

[3] The court notes that other provisions of California Penal Code § 1405 which establish procedures beyond those required by federal due process are not actionable via a federal civil rights action. See Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (emphasizing that "[t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996)).

5

California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed for failing to state a claim (ECF No. 1).

2. All pending motions be denied as moot (ECF Nos. 2, 3, 5).

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 14, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/chap2662.f&r.docx

6